**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **MAURICE M. IRBY,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DR. GLEN BABICH, ALISA DEARMOND, MIKE MOLDENHAUER, and T. KLIEN,**<br><br>**Defendants.** | **Case No. 3:25-cv-01710-GCS** |

# MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Maurice M. Irby, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Menard Correctional Center. Irby's Complaint (Doc. 1) alleging deliberate indifference in the treatment of his torn ACL was dismissed without prejudice for failure to state a claim (Doc. 16). His Amended Complaint (Doc. 21) was similarly dismissed for failing to state a claim (Doc. 22). Irby was granted leave to file an amended pleading. In his Second Amended Complaint (Doc. 23), Irby again alleges that Defendants were deliberately indifferent in treating his torn ACL.

This case is now before the Court for preliminary review of the Second Amended Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## THE SECOND AMENDED COMPLAINT

On September 18, 2023, Irby tore his ACL while on the yard. (Doc. 23, p. 4). He was immediately issued crutches and a low bunk, low gallery permit. *Id*. On September 19, 2023, Nurse Practitioner Alisa Dearmond ordered an x-ray and gave him crutches and permits. *Id*. Irby was referred for an MRI and, on September 27, 2023, both Medical Director Glen Babich and Dearmond received the authorization and approval for that MRI. *Id*. But Babich and Dearmond failed to send Irby out for his MRI until January 29, 2024. *Id*. at p. 4-5.

On January 29, 2024, Babich, Dearmond, and Nurse Practitioner Mike Moldenhauer received the results of Irby's MRI which showed a "concerning" partial tear (Doc. 23, p. 5). Irby alleges the technician performing the MRI indicated that the healthcare providers at Menard would receive the results within hours of the MRI. *Id*.

---

[1] The Court has jurisdiction to screen the Second Amended Complaint due to Plaintiff's consent to the full jurisdiction of a Magistrate Judge (Doc. 10), and the limited consent to the exercise of Magistrate Judge jurisdiction by the Illinois Department of Corrections and the medical providers, as set forth in the Memoranda of Understanding between this Court and these entities.

Irby failed to receive the results of the MRI. In March 2024, he wrote a grievance complaining about delays in his care. *Id*. The grievance was forwarded to the healthcare unit and to both Babich and Dearmond. *Id.*

On March 9, 2024, Dearmond referred Irby for an orthopedic evaluation but marked the referral as non-urgent, delaying Irby's appointment for a specialist. (Doc. 23, p. 5, 8). Irby alleges he was not informed of the extent of his injury until July 10, 2024, despite Dearmond, Moldenhauer, and Babich knowing the results of the MRI for six months. *Id*. at p. 5. On August 22, 2024, Irby finally saw an orthopedist who informed Irby he had a significant tear, making his entire knee fragile. *Id*.

On August 30, 2024, Babich, Moldenhauer, and Dearmond received authorization for a surgical evaluation. (Doc. 23, p. 5). Although the appointment was scheduled for September 18, 2024, Irby alleges he was not taken to the appointment nor was another appointment scheduled with the surgeon. *Id*. He alleges Babich and Dearmond failed to schedule another appointment. *Id*. at p. 6.

In November 2024, Irby submitted another grievance, noting he was placed on a high gallery and his care was delayed by the nurse practitioners and doctors. (Doc. 23, p. 6). On December 19, 2024, Irby reinjured his ACL and was sent to an outside hospital. *Id*. Although he was prescribed Tramadol, Irby alleges that neither Babich nor Dearmond ensured he actually received the medication. *Id*. On December 31, 2024, Irby was transferred to another prison despite having an active medical hold. *Id*. He alleges Babich and Dearmond failed to stop the transfer, further delaying care for his injury. *Id*.

## Preliminary Dismissals

Although Irby identifies T. Klien as a defendant in the case caption, he fails to include any allegations against him in his statement of claim. In fact, Irby notes at the end of his factual statement that he seeks to drop T. Klien as a defendant in his lawsuit (Doc. 23, p. 6). Thus, any potential claim against T. Klien is **DISMISSED without prejudice**.

## Discussion

Based on the allegations in the Second Amended Complaint, the Court designates the following count:

**Count 1:** **Eighth Amendment deliberate indifference to medical needs claim against Glen Babich, Alisa Dearmond, and Mike Moldenhauer for delaying treatment for Irby's torn ACL.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Second Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[2]

At this stage, Irby states a viable claim for deliberate indifference against Glen Babich, Alisa Dearmond, and Mike Moldenhauer. He alleges that Defendants' actions delayed care for his torn ACL, including delays in scheduling his MRI and in scheduling

---

[2] *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face.").

referrals to a specialist and surgeon. *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (stating that "[d]elaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain."). Thus, Count 1 shall proceed against Glen Babich, Alisa Dearmond, and Mike Moldenhauer.

## MOTION FOR COUNSEL

Irby recently filed a motion for counsel (Doc. 26). He notes he has some college education but is not familiar with the law. He also alleges his current placement in segregation will make it difficult to litigate his case. But given the early stage of the litigation process, it is difficult to accurately evaluate the need for the assistance of counsel. *See, e.g.*, *Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013) (stating that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged.").[3] Further, there is nothing currently pending that would require counsel. Once Defendants have been served and file answers, the Court will enter a scheduling order setting forth the next steps in the litigation process. If Irby experiences difficulties in litigating the case at that point, he may submit another request for counsel. At this time, his motion is **DENIED without prejudice**. His motion for status (Doc. 27) is **DENIED as moot**.

---

[3] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

## DISPOSITION

For the reasons stated above, Count 1 shall proceed against Glen Babich, Alisa Dearmond, and Mike Moldenhauer.

The Clerk of Court shall prepare for Glen Babich, Alisa Dearmond, and Mike Moldenhauer: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Irby. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Irby, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Because Irby's claims involve his medical care, the Clerk of Court is **DIRECTED** to enter the Court's standard HIPAA Qualified Protective Order.

If judgment is rendered against Irby, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Irby is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED.**

**DATED: September 8, 2026.**

Digitally signed by Judge Sison
Date: 2026.09.08 14:17:59 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

## NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**